IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE McCONICO, | No. 2:16-CV-1971-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 19) and defendant's cross-motion for summary judgment (Doc. 23).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 18, 2013. In the application, plaintiff claims that disability began on December 3, 2012. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 13, 2014, before Administrative Law Judge ("ALJ") Mary M. French. In a March 23, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): lumbar strain and mild degenerative disc disease;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform medium work; the claimant can lift up to 50 pounds occasionally and 25 pounds frequently; he can stand or walk for about six hours in an eight-hour workday; he can sit for about six hours in an eight-hour workday; he can frequently climb ramps or stairs, kneel, crouch, or crawl; the claimant can occasionally climb ladders, ropes, or scaffolds, and occasionally stoop; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on July 26, 2016, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ failed to properly evaluate the opinions of his treating professionals; and (2) the ALJ failed to develop the record.

**A.     Evaluation of Medical Opinions**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

In assessing plaintiff's residual functional capacity, the ALJ relied on the opinion of agency reviewing physician, Dr. Kundin. Dr. Kundin opined that plaintiff can lift/carry 50 pounds occasionally and 25 pounds frequently, can sit/stand/walk for six hours in an eight-hour day, can frequently climb ramps and stairs, can occasionally climb ladders, ropes, and scaffolds,

/ / /

/ / /

can occasionally stoop, and can frequently kneel, crouch, and crawl. See CAR at Exhibit 3A.[1]
As to Dr. Kundin's opinion, the ALJ stated:

> . . .The undersigned gives great weight to Dr. Kundin's assessment because it is consistent with the claimant's medical record as a whole. Specifically, it is consistent with the claimant treatment gap from August 2013 to February 2014, which indicates that his symptoms were being well managed with medication. The assessment is also consistent with the claimant's conservative treatment, which generally included physical therapy, analgesic medications, and muscle relaxants (Exhibits 2F, 9F0. It is also consistent with the claimant's ability to care for an older woman well after his alleged onset date, which again suggests he is more capable in his physical functioning than alleged (Exhibit 6F/7).[2]

As to plaintiff's mental residual functional capacity, the ALJ also relied on Dr. Kundin who opined that plaintiff does not have a severe mental impairment. See id. The ALJ found Dr. Kundin's assessment to be "consistent with the claimant's limited treatment record well after his alleged onset date, his positive response to treatment, and lack of objective examination findings showing more severe impairments (Exhibits 1F-9F)."

Plaintiff argues that the ALJ failed to provide sufficient reasons for rejecting the opinions of his treating physician, Steven L. Seto, M.D., and his treating therapist, Cindy Tejeras, LCSW. Plaintiff does not challenge the ALJ's reliance on Dr. Kundin's assessments.

/ / /

/ / /

/ / /

---

[1] Citations are to the Certified Administrative Record lodged on March 30, 2017 (Doc. 15).

[2] Regarding plaintiff's care of an older woman, the ALJ stated:

In March and April 2013, the claimant reported that he took care of an older woman and was relieved of his duties when the woman's daughter moved in and assumed those responsibilities (Exhibits 1F/2, 6F/7). This is well after the claimant's onset date of disability, December 3, 2012. As such, it suggests that the claimant was not as severely limited as alleged if he was in fact able to care for an older woman.

1. <u>Dr. Seto</u>

As to Dr. Seto, the ALJ stated:

> In June 2013, Steven L. Seto, M.D., the claimant's treating physician, opined that the claimant [sic] activity is modified to lifting, carrying, pushing, and pulling no more than 25 pounds, and no prolonged sitting or bending (Exhibit 3F). In July 2013, Dr. Seto opined that the claimant can occasionally lift and carry 20 pounds. The claimant can stand and walk for at least two hours in an eight-hour workday, with normal breaks. The claimant cannot sit for more than 15 minutes at a time due to lumbar strain. He can sit for a total of six hours of an eight-hour workday, with normal breaks. He needs to alternate standing and sitting every 15 minutes. He can occasionally perform postural activities. He had no manipulation, reaching, or feeling restrictions. The claimant's prognosis is fair to good (Exhibit 5F). The undersigned gives little weight to Dr. Seto's opinion because it is inconsistent with the claimant's medical record as a whole. Specifically, the claimant's need to alternate positions every 15 minutes is not supported by the record showing that the claimant walked for 30 minutes and reported that it felt good to walk (Exhibit 2F/98). It is inconsistent with Dr. Seto's recommendation to exercise when pain decreases (Exhibit 2F). These significant restrictions are inconsistent with the claimant's conservative treatment, which has been limited to physical therapy and medications. There have been no aggressive treatments such as injections or surgery (Exhibits 1F-9F). Moreover, Dr. Seto was not aware that the claimant was working as a caregiver to an older woman during the relevant period (Exhibit 6F/7).
>
> Finally, after his injury, the claimant's treatment notes at Exhibit 2F show the claimant's work status restriction as "modified work." The undersigned gives little weight to these limitations because they do not include function-by-function restrictions. It does not include work-related limitations.

Plaintiff argues:

> The ALJ's rejection misstates some facts. The ALJ says there have been no aggressive treatments such as injections or surgery, but plaintiff had surgery in the late 1990s. (CT 425, 441). The ALJ notes that Dr. Seto's opinion is not consistent with the medical record, but the record of the pain specialist at APDS and the records of Kaiser Physical Therapy and Methodist Hospital Ortho are all consistent with Seto's limitations. ANDS's Dr. Haddadan noted radicular pain that refers down to the left all the way down to his big toe, noted he finds it difficult to climb stairs, put on socks and shoes, exercise, get in and our of car, perform activities of daily living, and walk an unlimited distance. Haddadan noted a positive straight leg test on the left; an antalgic gait; tenderness on the sciatic notch; and pain in the buttocks. Haddadan assessed bulging lumbar disc, lumbar sacral radiculitis, myalgia and myositis, and spasm of muscle and prescribed norco, flexeril and gabapentin. (CT 426-429). Kaiser PT noted that McConico's sitting had improved to 10 minutes at one time. (CT

6

280). Methodist Ortho also doing plaintiff's physical therapy noted objectively that he was unable to sit in neutral, that he off shifts to the R vs. L, that he is unable to equal weight shift in standing, antalgic gait pattern. They noted goals of being able to sit for 10 to 15 minutes with minimal symptoms. These are all certainly consistent with Dr. Seto's stated limitations, especially regarding inability to sit. At a minimum, the ALJ should have discussed the opinions of Dr. Haddadan, the chronic pain specialist at APDS.

At the outset, the court rejects plaintiff's contention that the ALJ erred by failing to discuss Dr. Haddadan. Specifically, while plaintiff states that the ALJ failed to consider Dr. Haddadan's opinions, and though plaintiff lists various objective findings made by this provider, plaintiff has not identified any opinions offered by Dr. Haddadan relating to plaintiff's ability to perform work-related activities.

Plaintiff argues that the ALJ misstated the facts by stating that there is no evidence of aggressive treatment, citing surgeries in "the late 1990s." These surgeries, however, occurred well before the alleged onset date of December 3, 2012, and have no bearing on the time period at issue in this case – the time after the alleged onset date. Plaintiff has not cited to any aggressive treatment provided after December 3, 2012.

Finally, the court observes that plaintiff does not address a primary reason the ALJ rejected Dr. Seto's opinions – that Dr. Seto was not aware that plaintiff had been a caregiver for an elderly woman in 2013. The court agrees with the ALJ that Dr. Seto's ignorance of plaintiff's ability to provide care to an elderly woman after the alleged onset date undermines confidence in Dr. Seto's opinions.

2.  <u>Ms. Tejeras</u>

As to Ms. Tejeras, the ALJ stated:

Cindy Tejeras, LCSW, the claimant [sic] licensed clinical social worker, opined that he has poor ability in understanding and remembering instructions, sustaining concentration and task persistence, and in social interactions. Moreover, with continued treatment, which includes medications and therapy, the claimant's prognosis is good (Exhibit 8F). As a licensed clinical social worker, Ms. Tejeras is not an acceptable medical source under 20 CFR 416.913(a). She is considered an "other

> source" of medical information and her opinion will be considered to assess the severity of the claimant's impairments and resulting restrictions. The undersigned gives little weight to Ms. Tejeras' assessment because it is unsupported by the claimant's treatment notes, which include long treatment gaps, unremarkable examination findings, positive response to psychotropic treatment, and no evidence of consistent and debilitating panic attacks (Exhibit 9F).

According to plaintiff, the ALJ was required to cite clear and convincing reasons for rejecting the limitations opined by Ms. Tejeras because they are not contradicted and that the ALJ failed to do so.

The court does not agree. Contrary to plaintiff's contention, Ms. Tejeras' opinions are contradicted by the opinion of Dr. Kundin who assessed plaintiff with no severe mental impairments. The court finds that the ALJ cited specific and legitimate reasons – which plaintiff does not address – for rejecting Ms. Tejeras' assessment. Specifically, the ALJ noted that plaintiff's mental health treatment has been sporadic and conservative, facts which undermine the extreme limitations assessed by Ms. Tejeras. The ALJ also properly noted that plaintiff responded positively to psychotropic medication, which also indicates that Ms. Tejeras' assessment is extreme.

### B. Duty to Develop the Record

The ALJ has an independent duty to fully and fairly develop the record and assure that the claimant's interests are considered. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). When the claimant is not represented by counsel, this duty requires the ALJ to be especially diligent in seeking all relevant facts. See id. This requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). Ambiguous evidence or the ALJ's own finding that the record is inadequate triggers this duty. See Tonapetyan, 242 F.3d at 1150. The ALJ may discharge the duty to develop the record by subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow for supplementation of the record. See id. (citing Tidwell v. Apfel, 161 F.3d

599, 602 (9th Cir. 1998)).

Plaintiff argues that the ALJ failed to wait for results of an MRI which has been recommended, but not yet approved. Plaintiff also argues that the ALJ should have provided recent medical records to plaintiff's treating mental health providers and inquired whether they had "changed their opinion."

The court does not agree that the ALJ failed to develop the record. Specifically, there is no finding that the record is inadequate, and the evidence of record is not ambiguous. As to new MRI test results, such evidence would be relevant to a new application. See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987). As to providing recent medical records to plaintiff's treating mental health providers, it is plaintiff's responsibility to provide his treating providers with current records, not the ALJ's. Finally, the court notes that plaintiff's counsel stated following the hearing that he had no objection to the record as it existed at the time, making no reference to a potential new MRI study or updated opinions from plaintiff's treating sources.

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 19) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 23) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 27, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE